PETERSON, Judge.
Petitioner, Clarence Robert Isley, requests a writ of mandamus compelling the respondent to issue an order in Volusia County Circuit Court case number 88-10056 either granting or denying his appli *994 cation for an order of indigency. We grant the petition.
The response to the petition indicates that aryorder of indigency was entered in a previous appeal of the denial of a 3.850 motion on September 17, 1991, and that order should be sufficient for the purpose of avoiding filing fees and costs in an appeal of the denial of a successive 3.850 motion on April 7, 1992.
Each of the 3.850 motions involves separate independent proceedings and was filed at a different time. An appellant may or may not be indigent at the time each of the motions is filed, and a separate order of indigency is required for each independent proceeding. While Isley has been incarcerated during the entire time that he has been filing his motions, and while it is doubtful that his financial situation has improved between motions, this should not disrupt the orderly procedure of requiring an order of indigency in each separate proceeding. Establishment of a different rule would require examination of different case files to verify that a matter could proceed with an indigent party.
Because Isley’s May 1992 affidavit of insolvency is now out of date, he shall have thirty days within which to file a new one with the circuit court. If he files a new affidavit, respondent shall forthwith grant or deny the new application pursuant to Rule 9.430, Florida Rules of Appellate Procedure. Isley also shall have thirty days from the grant or denial of the order of indigency within which to move to set aside our July 27, 1992, order of dismissal of his appeal in case number 92-1330.
WRIT ISSUED.
DAUKSCH and W. SHARP, JJ., concur.